LEO HAYDON *v.* R. L. HART.

[Abstract Kentucky Law Reporter, Vol. 4—531.]

**Rights of Second Mortgagee as Against Usury in First Mortgage.**

> An agreement between the holder of a first mortgage and the mortgagor to pay usurious interest for an extension of time, not made of record, even if binding on the parties, can not bind the holder of a second mortgage on the land accepted without notice of any such agreement.

APPEAL FROM LINCOLN CIRCUIT COURT.

December 12, 1882.

OPINION BY JUDGE PRYOR:

The right of Mrs. Hart to purge the obligation of Grigsby and wife to Haydon of usury having been heretofore decided by this court, on the return of the cause by proper pleadings on the part of Mrs. Hart an attempt was made to ascertain the usury embraced in the obligation. The original loan was made on the 26th of April, 1869, and the sum of money actually received by Grigsby and wife was $4,000 and an obligation executed by which Grigsby

and wife agreed to pay Haydon in 3 years from that date (April 26, 1869) the sum of $5,324. That usury was embraced in the obligation can not be questioned and it was so adjudged by the court below. Haydon is now complaining so far as the judgment in his favor is concerned of the action of the chancellor in refusing to allow him ten per cent. interest on his debt after deducting the usury from the 26th of April, 1872. After the note fell due, Grigsby and wife executed to the appellant a further obligation reciting that in consideration of forbearance they would pay ten per cent. interest on the debts. This was on the 26th of April, 1872. A mortgage had been executed on the land of Grigsby and wife in April, 1869, the day on which the money was loaned to secure its payment. After the execution of this mortgage Mrs. Hart took a mortgage from Grigsby and wife to secure her debts, on the same land, and this land being insufficient in value to satisfy both debts, that of Haydon and of Mrs. Hart, the latter attacked Haydon's claim as usurious. The agreement to pay ten per cent. interest after the debt of Haydon had matured was after the conventional interest law had been enacted and it is therefore insisted by Haydon that he is entitled to enforce this extra rate of interest agreed to be paid in consideration of forbearance as a lien on the land mortgaged. If the agreement in which there is no stipulated time given for forbearance to pay the ten per cent. could be enforced as against Grigsby and wife, a question we are not called on to decide, we are satisfied it can not affect the rights of Mrs. Hart. It is not pretended that she had any notice, when she accepted the mortgage from Grigsby and wife, of the agreement made by them in April, 1872. It was not evidenced by any mortgage of record to secure and, therefore, when Mrs. Hart took her mortgage the only incumbrance upon it in favor of Haydon affecting her in any way was the mortgage executed in April, 1869, when the money was loaned. What was then due or to become due by the obligation was the sum that could be enforced and no other as against Mrs. Hart. It is not insisted that the ten per cent. could have been collected, but for the change of the contract made in April, 1872. Then upon what principle of law or equity, after the execution of a mortgage, can the parties to that instrument increase the liability of the debtor secured by the mortgage so as to affect innocent purchasers? It is said that the interest was an incident to the debt. This may be true, but this

interest was six per cent. and not ten per cent.; but after the ten per cent. law was enacted it is alleged that the parties to the mortgage by an agreement in the pocket of the creditor could increase the liability of the debtor by which a greater sum could be enforced as a lien upon the land than could have been under the original mortgage, of which the purchaser was alone required by law to take notice. This can not be and we think too plain a proposition to admit of argument. This court has decided in the renewal of notes for the purchase-money of land, that an increased rate of interest by an agreement of the parties made after the contract had been executed, can not operate as a lien so as to affect third parties. We think, however, it is but equitable under the facts of this case to adjudge as the court below did, that the execution of the agreement in April, 1872, was a renewal of the note, and, therefore, interest on the old note up to that date at six per cent., and then making it all principal and bearing interest from April, 1872, at six per cent. was proper. The judgment below is, therefore, *affirmed* on the original and cross appeal.

*M. C. Saufley, Hill & Alcorn, for appellant.*

*Porter & Wallace, for appellee.*